## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PRECIOUS MOMENTS COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00630-HFS |
| ) | |
| R.I.M. LOGISTICS, LTD., ) | |
| ) | |
| Defendant. ) | |

### MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT A COMPUSORY COUNTERCLAIM

COMES NOW the Defendant, R.I.M. Logistics, Ltd ("RIM"), by and through its counsel of record, and for its Motion for leave to amend its Answer to assert a compulsory counterclaim, states as follows:

1. Fed. R. Civ. P. 15(a)(2) allows a party to file an Amended Answer with the Court's leave. Per the provisions of the rule, a "court should freely give leave when justice so requires."

2. Fed. R. Civ. P. 13 (a)(1) provides:

(a) Compulsory Counterclaim.

(1) In General. A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claims; and

(B) does not require adding another party of whom the court cannot acquire jurisdiction.

3. In its Complaint (Doc. 1), Plaintiff Precious Moments Company, Inc. ("Precious Moments") alleges it has suffered damages arising from RIM's performance of a contract to provide freight forwarding and logistics services to Precious Moments concerning a particular shipment of goods.

4. RIM was never paid any amount for the freight forwarding and logistics services it provided Precious Moments under the same contract giving rise to the allegations in Precious Moments' Complaint.

5. The net result is that RIM has suffered damages as laid out in its proposed First Amended Answer and Counterclaim, which is attached hereto as Exhibit A.

6. Because the damages suffered by RIM arise from the same transaction(s) and occurrence(s) from which Precious Moments' claims arise, RIM's counterclaim that is included in Exhibit A is compulsory such that it must be asserted or waived. As such, in the event leave is not granted, RIM will suffer injustice.

7. Pursuant to the Scheduling Order (Doc. 18), the deadline to file a motion to amend the pleadings is February 2, 2024, and has not yet run.

8. RIM has not previously made any request to amend its pleadings.

9. Currently pending before the Court is RIM's Motion to Transfer Venue (Doc. 9).

10. Because RIM believes this matter should be litigated in the Northen District of Illinois, RIM respectfully requests this Court's leave to file its proposed First Amended Answer and Counterclaim within ten (10) days of the Court ruling on its Motion to Transfer Venue (should such motion be denied) or within thirty (30) days of the appearance of the matter on the docket of the Northern District of Illinois (should such motion be granted).

WHEREFORE, Defendant R.I.M. Logistics, Ltd. requests this Court's leave to file its First Amended Answer and Counterclaim, attached hereto as Exhibit A, within ten (10) days of the Court ruling on its Motion to Transfer, (should such motion be denied) or within thirty (30) days of the appearance of the matter on the docket of the Northern District of Illinois (should such motion be granted). and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Peter F. Rottgers
Peter F. Rottgers # 65671
SHAFFER, LOMBARDO, SHURIN, P.C.
2001 Wyandotte Street
Kansas City, MO 64108
816-931-0500/FAX: 816-931-5775
prottgers@sls-law.com

/s/ Timothy M. Howe
Attorney for Defendant, Pro Hac Vice
Klevatt & Associates, LLC
110B N. Main Street, Ste D
Wauconda, IL 60084
(312) 782-9090
Tim@ChicagoLaw.Biz
ATTORNEYS FOR DEFENDANT R.I.M. LOGISTICS, LTD.

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2024, a true and complete copy of the above was e-filed with the United States District Court for the Western District of Missouri, which will send an electronic copy to all counsel of record.

/s/Peter F. Rottgers
ATTORNEY FOR DEFENDANT R.I.M. LOGISTICS, LTD.